## ABRAHAM et al. v. BUILDERS MATERIAL CO. et al.

No. 15707—Opinion Filed Oct. 6, 1925.

Rehearing Denied Dec. 15, 1925.

**1. Sales — Lien of Seller for Price — Foreclosure.**

One who seeks to foreclose the lien given by statute to the seller for the purchase price of personal property in his possession must do so in accordance with the provision of the statute prescribing the mode of procedure to be followed in the sale of property pledged.

**2. Sales—Failure of Buyer to Accept—Elements of Damage Where Title Still in Seller.**

When title is not vested in the buyer, the detriment caused by the breach of the buyer's agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be: First, if the property has been resold, pursuant to sec. 7430, C. S. 1921, the excess, if any, of the amount due from the buyer, under the contract, over the net proceeds of the resale. Second, if the property has not been resold in the manner prescribed by section 7430, the excess, if any, of the amount due from the buyer, under the contract, over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to market, over those which would have been incurred for the carriage thereof if the buyer had accepted it.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by Builders Material Company et al. against Useph Abraham et al. Judgment for plaintiffs, and defendants bring error. Affirmed.

Cheatham & Beaver, for plaintiffs in error.

C. F. Gordon and Frank Thompson, for defendants in error.

Opinion by JONES, C. This action was instituted in the superior court of Creek county, Okla., by the defendants in error, as plaintiffs, against plaintiffs in error, as defendants, to recover the sum of $2,565, together with interest, which is alleged to be the balance due plaintiffs from defendants

on the purchase price of a certain bill of structural steel.

On the trial of the case to the court without the intervention of a jury, judgment was rendered in favor of the plaintiffs and against the defendants for $2,565, from which judgment of the court the defendants prosecute this appeal, and set forth numerous assignments of error, wherein they urge that the court was in error in refusing to sustain a demurrer to the evidence and in finding that the defendants were liable in any sum.

The appellants contend in this court that the order given for the steel in controversy was never properly approved or accepted by the home office in Muskogee, Okla., as provided for in the order. The acceptance is set forth in the record, and while there is a slight variance in the description of one of the items in the order, we do not regard this as material under all the facts and circumstances in this case, because the appellants rely on the fact or contention that they had canceled the order, but it appears from the record that the order had been accepted and at least some preparation made looking to the fabrication of the steel and to the filling of the order, and we think there is sufficient evidence to sustain the judgment of the trial court in this particular. Appellants further complain of certain instructions given by the court, and of the refusal of the court to give certain requested instructions. In instructions Nos. 6 and 8, given, the trial court followed the rule as announced in the case of Gaines Brothers & Co. v. Citizens' Bank of Henryetta, 84 Okla. 265, 204 Pac. 112, wherein this court followed the rule announced in the case of White Coal Co. v. Crescent Coal & Mining Co., 254 Ill. 368, 42 L. R. A. (N. S.) 669, in which case there is a quotation from volume 2, Benjamin on Sales, as follows:

"In making such resale the vendor acts as the agent of the buyer in default. His right and duty are so well stated in Brownlee v. Bolton, 44 Mich. 218, 6 N. W. Rep. 657, we quote what the court says as correct and applicable to this case: 'It is sufficient to say, generally, that the vendor's rights of resale must be exercised in good faith, and in such time and in such manner, and under such circumstances and by such methods as will be best calculated to produce the fair value of the property; and in case he seeks to avail himself of it before a jury, it is incumbent on him to adduce the necessary facts to show that in exercising this right this manner was observed."

We are inclined to the opinion that the rule announced in the Gaines Case is unauthorized under the provisions of our statute. The instruction requested and refused by the court was substantially based on the law as provided for by statutory provisions of this state.

The record in this case discloses that after defendants, appellants here, had attempted to cancel the order and had announced their intention to refuse to accept same, the plaintiffs resold said order back to the Structural Steel Company of Kansas City, Mo., at private sale for $280. No notice of this sale was given to the appellants, and so far as the record discloses, no notice of any character was given of the sale.

Section 7430, C. S. 1921, is as follows:

"One who sells personal property has a special lien thereon, dependent on possession for its price, if it is in his possession when the price becomes payable; and may enforce his lien in like manner as if the property was pledged to him for the price."

Section 8199, Id., on pledges, is as follows:

"When performance of the act for which a pledge is given is due, in whole or in part, the pledgee may collect what is due him by sale of the property pledged, as hereinafter prescribed."

Sections 8200, 8201, and 8204, Id., provide the manner of sale of property pledged and are as follows:

Section 8200 provides:

"Before property pledged can be sold, and after performance of the act for which it is security, is due, the pledgee must demand performance thereof from the debtor, if the debtor can be found."

Section 8201 provides:

"The pledgee must give actual notice to the pledgor of the time and place at which the property pledged will be sold, at such reasonable time before the sale as will enable the pledgor to attend."

Section 8204 provides:

"The sale by a pledgee of property pledged must be made at public auction, in the manner and upon the notice to the public usual at the place of sale, in respect to auction sales of similar property, and must be for the highest price obtainable."

These provisions of the statutes are clear and need no explanation, and we see no reason why the same should not be followed by this court. They are plain statutory provisions, from a reading of which it may readily be seen that one in possession of personal property may sell same in the manner as provided for the sale of property held

as a pledge, and the above sections provide for the manner in which the sale of property pledged should be conducted, which are unambiguous and are reasonable and just provisions of law, and under these various provisions of our law, it is incumbent upon the pledgees or holders of the personal property to demand performance of the debtor, give actual notice of the time and place of sale, and to sell said property at public auction for the highest price obtainable. It is true that there are conditions under which these various provisions, any one or all of same, might be waived, and in this case, we deem that the defendants' conduct was such as to waive the necessity for demand. They contend that the order was canceled, which we think would avoid the necessity of the demand, because it would justify the presumption that they would not accept the material ordered or perform according to the terms of the contract. We think, however, the court should have given an instruction setting forth the various steps necessary to be taken in sales of this character, in accord with the method prescribed by the various sections of the statutes heretofore quoted, together with an instruction based on section 5987, C. S. 1921, which is as follows:

"When title is not vested in the buyer the detriment caused by the breach of the buyer's agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be: First, if the property has been resold, pursuant to section 7430, the excess, if any, of the amount due from the buyer, under the contract, over the net proceeds of the resale. Second, if the property has not been resold in the manner prescribed by section 7430, the excess, if any, of the amount due from the buyer, under the contract over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to market, over those which would have been incurred for the carriage thereof, if the buyer had accepted it."

—which defines the measure of damages in this class of cases, and the measure of damages is in fact the essence of this lawsuit, and according to the provisions of section 5987, if the property has not been resold in the manner provided by section 7430, the excess, if any, of the amount due from the buyer, under the contract, over the value of the property to the seller, together with the expenses incident to the transaction constitutes the measure of damages that the plaintiff is entitled to recover, and the provisions of section 5987, just quoted, are applicable to the facts in this case. There was

a sale in this case, but it is evident that it was not conducted as provided by law, and hence the results of the sale, in so far as the price for which the property was sold is concerned, is not conclusive against the defendant in this case, and he had the right to raise the issue as to the real value of the property, and could he have shown that the property was of greater value than that for which it was sold, to wit, $280, he would have been entitled to receive credit equal to the value as proven; however, he did not offer to make proof, and in fact did not raise this particular issue in the trial of the case, but seems to have relied solely on the averment of his answer, in which he states that the order had been canceled, and the instruction which he requested the court to give, which is largely based on the provisions of the statute heretofore cited, prescribing the manner of sale, is faulty, in that the court was asked to instruct the jury that, in the event they found that the property was not sold as provided by law, their verdict should be for the defendant, evidently seeking to avoid liability for the purchase price of the property involved by reason of failure of the plaintiff to sell the property according to the provisions of our statute. This, of course, was not a correct instruction; neither was the instruction given by the court based on the law as laid down in the case of Gaines Brothers v. Citizens' Bank, supra, the correct rule in this jurisdiction, but in view of the fact that the only proof offered as to the value of the property was to the effect that it was worthless, and only of the value of junk, that it had no value as a commodity, and could not be used for any other job or structure, and that the only disposition which could be made of it would be to melt it and recast it, and that its value for such purpose would, in no event, exceed the amount paid for it, to wit, $280, and there being no evidence offered contradicting the testimony of the plaintiff's witness on this point, and nothing appearing in the record to contradict or discredit the testimony of the witness, we are inclined to the opinion that the error complained of is harmless, if, in fact, the property is practically worthless, and the $280 for which it was sold and for which amount defendant was given credit is a fair value for same. There would be no material change in the results reached by reason of a new trial, and we therefore find that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 492; anno. 42 L. R. A. (N. S.) 670, et seq.; 24 R. C. L. p. 114. (2) 35 Cyc. pp. 521, 522, 598, 599.